UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Mareana Footman,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No.: 1:22-cv-559 ) |
| **Portfolio Recovery Associates, LLC,** | ) ) |
| **Defendant.** | ) ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE FAIR CREDIT REPORTING ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and 15 U.S.C. §1681 *et seq*.

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

1

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Mareana Footman, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a and 15 U.S.C. §1681a(c ).

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. Upon information and belief, the Defendant is a "person" as that term is defined by 15 U.S.C. §1681a(b).

14. The Defendant, Portfolio Recovery Associates, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 120 Corporate Blvd., Suite 100, Norfolk, VA 23502. *See Exhibit "1" attached hereto*.

15. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

16. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

18. Credit reports, as alleged herein, are "consumer reports" as that term is defined by 15 U.S.C. §1681c(d).

19. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

20. However, this matter is a case of mistaken identity—Plaintiff, Mareana Footman, is the daughter of Marea Footman.

21. The Plaintiff's Mother, Marea Footman, incurred a debt to that was for primarily for personal, family or household purposes.

22. The debt owed by Marea Footman went into default.

23. After Marea Footman's debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

24. The Plaintiff disputes the debt because she does not owe it.

25. The Plaintiff requests that the Defendant cease all further communication on the debt because she does not owe it.

26. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

27. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

28. On March 28, 2012, Defendant filed a lawsuit against Marea Footman in Perry Township Small Claims Court entitled "Portfolio Recovery Associates, LLC, v. Marea Footman" under Cause Number 49K04-1203-SC1943. Mareana Footman was not a named party in the aforementioned lawsuit. *A copy of the chronology and the Notice of Claim are attached hereto as Exhibit "2".*

29. On April 18, 2012, the parties entered into an Agreed Judgment which gave Portfolio Recovery Associates a judgment in its favor and against Marea Footman. Portfolio Recovery Associates did NOT obtain a judgment in its favor and against Mareana Footman.

30. Over the past ten (10) years, Defendant has attempted to collect this debt. During this time period, Defendant confused the Mother, Marea Footman, with the daughter, Mareana Footman.

31. On June 2, 2021, Defendant obtained Plaintiff's Experian credit report in an attempt to gather information and collect the debt that Plaintiff does not owe. *See Exhibit "3" attached hereto.*

32. On September 3, 2021, Defendant obtained Plaintiff's Experian credit report in an attempt to gather information and collect the debt that Plaintiff does not owe. *See Exhibit "3" attached hereto.*

33. On September 17, 2021, Defendant obtained Plaintiff's Experian credit report in an attempt to gather information and collect the debt that Plaintiff does not owe. *See Exhibit "3" attached hereto.*

34. On September 2, 2021, Defendant obtained Plaintiff's TransUnion credit report in an attempt to gather information and collect the debt that Plaintiff does not owe. *See Exhibit "3" attached hereto.*

35. Recently, Defendant began garnishing the wages of Mareana Footman even though Defendant does NOT have a judgment against her. *See Exhibit "2" attached hereto*.

36. To date, Plaintiff has had at least three (3) paychecks garnished by Defendant. *See Exhibit "2" attached hereto*.

37. On March 10, 2022, Mareana Footman went to the hearing on proceedings supplemental and attempted to explain that Defendant was garnishing the wrong person; however,

Defendant's attorney ignored Mareana Footman's explanation and replied by saying something to the effect of, "[w]e just left off the 'na' on the first name".

38. Plaintiff's injuries constitute an injury-in-fact. Defendant's violations are material as the unsophisticated consumer (the Plaintiff) has had her wages garnished even though she does NOT have an obligation to Defendant—the judgment is against Marea Footman, not Mareana Footman. Defendant's violations of the FDCPA constitute more than just bare procedural violations. Defendant's violations of the FDCPA affected her so severely that she retained legal counsel about taking action—such as filing this lawsuit--to stop the garnishment and other collection actions by Defendant. The FDCPA was designed, in part, to protect a consumer's privacy. By accessing Plaintiff's credit report, Defendant has invaded Plaintiff's privacy.

39. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

40. Despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from Experian, Inc. (hereinafter "Experian"), a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f). Experian is a data repository that assembles and stores information on consumers for the purpose of furnishing consumer reports to third parties.

41. Consumer reports contain personal, private, and highly confidential information including: (i) different variations of an individual's full name, including middle name and/or middle initial(s); (ii) current address at which an individual resides; (iii) previous address(es) at which an individual has resided; (iv) social security number; (v) date of birth; (vi) current telephone number; (vii) previous known telephone number(s); (viii) current employer; (ix) former employer(s); (x) public records; (xi) account histories with all reporting creditors, including, but not limited to, home loans, automobile loans, credit cards, medical debt, and other types of debt; (xii) records of requests for a consumer report by third parties (hereinafter collectively, "Confidential Information").

42. Given the overwhelming scope of the information available when one procures a consumer report about another, in 1970 Congress enacted the FCRA to protect consumer privacy by requiring consumer reporting agencies to, *inter alia*, limit the furnishing of consumer reports to statutorily enumerated purposes only. *See* TRW, Inc., v. Andrews, 534 U.S. 19, 23 (2001).

43. The statute was created in response to "concerns about corporations' increasingly sophisticated use of consumers' personal information in making credit and other decisions." Syed v. M-I, LLC, et al., 846 F.3d 1034, 1037 (9th Cir. 2017)(citing the FCRA, Pub.L. 91-508, Section 602, 84 Stat. 1114, 1128). *See also*, United States v. Bormes, 568 U.S. 6, 7 (2012)(The Credit Reporting Act has as one of its purposes to "protect consumer privacy" (quotation and citation omitted)); Cole v. U.S. Capital, 389 F.3d 719, 723 (7th Cir. 2004)("In [§1681] Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintain by consumer reporting agencies.").

44. When it enacted the FCRA, Congress found, among other things, that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See* 15 U.S.C. §1681(a)(4).

45. Tasked with protecting a consumer's privacy, the FCRA governs **who** can access consumer report information from credit reporting agencies and **for what purpose**. To that end, the FCRA enumerates certain "permissible purposes" for accessing credit reports.

46. Defendant is a subscriber and user of consumer reports issued by TransUnion.

47. Defendant also furnishes data to TransUnion about its experiences with its customers and potential customers.

48. Defendant is a subscriber and user of consumer reports issued by Experian.

49. Defendant also furnishes data to Experian about its experiences with its customers and potential customers.

50. Defendant is a "furnisher" of information as contemplated by the FCRA, 15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of its business furnishes information to one or more consumer reporting agencies about its transactions and/or other experiences with consumers.

51. Defendant has a symbiotic relationship with TransUnion and Experian such that it furnishes information to TransUnion and Experian regarding its transactions and/or other experiences with consumers while also purchasing from TransUnion and Experian information about its customers and other consumers.

52. On or about June 2, 2021, September 3, 2021, and September 17, 2021, despite being cognizant of the facts as delineated above, Defendant procured from Experian a copy of Plaintiff's consumer report at which time, Defendant made a general or specific certification to Experian that Defendant sought the consumer report in connection with a business transaction initiated by Plaintiff, to review an account to determine whether Plaintiff continued to meet the terms of said account, or for some other permissible purpose enumerated by the FCRA. *See Exhibit "3" attached hereto*.

53. On or about September 2, 2021, despite being cognizant of the facts as delineated above, Defendant procured from TransUnion a copy of Plaintiff's consumer report at which time, Defendant made a general or specific certification to TransUnion that Defendant sought the consumer report in connection with a business transaction initiated by Plaintiff, to review an account to determine whether Plaintiff continued to meet the terms of said account, or for some other permissible purpose enumerated by the FCRA. *See Exhibit "3" attached hereto*.

54. The aforementioned certification made by Defendant to Experian was false.

55. The aforementioned certification made by Defendant to TransUnion was false.

56. Despite certifying to Experian that it had a permissible purpose for procuring Plaintiff's consumer report, Defendant had no such permissible purpose.

57. Despite certifying to TransUnion that it had a permissible purpose for procuring Plaintiff's consumer report, Defendant had no such permissible purpose.

58. When Defendant procured Plaintiff's credit report from Experian, Defendant did so without Plaintiff's knowledge or consent.

59. When Defendant procured Plaintiff's credit report from TransUnion, Defendant did so without Plaintiff's knowledge or consent.

60. When Defendant procured Plaintiff's credit report from Experian, Defendant did so without a permissible purpose.

61. When Defendant procured Plaintiff's credit report from TransUnion, Defendant did so without a permissible purpose.

62. At no time on or prior to the dates that Defendant procured Plaintiff's credit reports, did Plaintiff consent to Defendant obtaining her consumer reports.

63. Plaintiff has never given Defendant permission to access her private individual and personal credit reports.

64. Despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's private individual and personal credit reports impermissibly.

65. Despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's private individual and personal credit reports without a legitimate business reason to do so.

66. Despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's private individual and personal credit reports without first informing Plaintiff of its intent to do so.

67. When Defendant accessed Plaintiff's private individual and personal credit reports, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

68. When Defendant accessed Plaintiff's private individual and personal credit reports, Defendant impermissibly obtained information relative to Plaintiff's payment history on her private personal and individual credit accounts.

69. When Defendant accessed Plaintiff's private individual and personal credit reports, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

70. When Defendant accessed Plaintiff's private individual and personal credit reports, Plaintiff's private financial information was published to Defendant.

71. When Defendant accessed Plaintiff's private individual and personal credit reports, unknown employees, representatives and/or agents of Defendant viewed Plaintiff's private financial information.

72. When Defendant accessed Plaintiff's private individual and personal credit reports, Plaintiff's Confidential Information was published to Defendant.

73. Plaintiff has a right to have her Confidential Information kept private.

74. By its actions, when Defendant impermissibly procured from Experian and TransUnion Plaintiff's individual and personal credit reports, Defendant invaded Plaintiff's privacy.

75. By its actions, when Defendant impermissibly procured from Experian and TransUnion Plaintiff's individual and personal credit reports, Defendant effectively intruded upon the seclusion of Plaintiff's private affairs.

76. When Defendant accessed Plaintiff's private individual and personal credit reports, Defendant impermissibly obtained personal information about Plaintiff, such as her current and past addresses, date of birth, employment history, and telephone numbers among other information.

77. When Plaintiff discovered that Defendant had procured her personal, private and confidential information from Experian and TransUnion, Plaintiff was extremely angry, frustrated and suffered emotional distress resulting from Defendant's invasion of privacy.

78. When Plaintiff discovered that Defendant had procured her personal, private and confidential information from Equifax and Experian, Defendant's actions made Plaintiff believe that she did not have the right to privacy afforded by the FCRA.

79. When Plaintiff discovered that Defendant had procured her Confidential Information from Experian and TransUnion, Plaintiff was concerned about the continued security and privacy of her Confidential Information.

80. Defendant's actions constitute an invasion of her financial privacy and Plaintiff has standing to pursue this lawsuit. *See* <u>Persinger v. Southwest Credit Systems, LP</u>, 20 F.4th 1184 (7th Cir. 2021).

81. Defendant's conduct, as delineated above, constitutes a violation of 15 U.S.C. §1681b(f)(1).

82. As a direct and proximate result of Defendant's conduct as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information and an injury to her credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future all to Plaintiff's great detriment and loss.

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 82 of the complaint are realleged and incorporated herewith by reference.

2. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

3. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

4. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

5. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Second Claim for Relief: Violation of the FCRA

1. The allegations of Paragraphs 1 through 82 of the complaint are realleged and incorporated herewith by reference.

2. The Defendant's acts and omissions constitute a violation of 15 U.S.C. §1681b(f).

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and the FCRA and/or an admission from the Defendant that it violated the FDCPA and the FCRA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1) and 15 U.S.C. §1681o.

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. §1681o.

4. Punitive damages under 15 U.S.C. §1681n(a)(2).

5. Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. §1681n(a)(3).

6. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: john@johnsteinkampandassociates.com